## THE STATE v. JAMES HIGGINS, Appellant.

**Division Two, May 19, 1908.**

**ASSAULT WITH INTENT TO KILL: No Error.** Where the record is without error, and shows that appellant had a fair and impartial trial, and that according to the evidence his assault upon the prosecuting witness as he was sitting quietly on a fence and by shooting at him three times as he ran from him, one of which shots took effect in his back, was without justification or excuse, the judgment will be affirmed.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for the State.

(1) In several instances, defendant objected to certain evidence, but his objections were properly overruled. (a) Defendant objected to State's witness, Morris, testifying that he did not see the defendant till just before the shooting. But, as no reason was assigned for said objection, the same was properly overruled. State v. Harris, 199 Mo. 716; State v. Adams, 108 Mo. 216. (b) Defendant also objected to certain of the State's evidence, because the same was immaterial and irrelevant. But such an objection amounts to no objection at all. State v. McLoughlin, 149 Mo. 27; State v. Young, 153 Mo. 449. (c) During the cross-examination of the defendant, Police Officer O'Gera came into the court room, and defendant's counsel asked to have him excluded, which request was by the court denied. Again, when said officer was called as a witness for the State in rebuttal, defendant objected to his testifying, as he had been in the court room. Even if said witness's testimony had been material, which it was not, it can not be argued that any prejudicial error was committed by the court, as such matters must

be left to the discretion of the trial court. (2) In only two instances were the objections made by the State to defendant's evidence sustained by the trial court; and the ruling of the court in both instances was correct. (a) Defendant's counsel endeavored to prove the bad reputation of the prosecuting witness by a witness named Zemblidge, by having said witness to testify to an assault that he saw the prosecuting witness commit on some one (other than the defendant), and cutting said person with a razor. This evidence, of a specific act, the trial court held, and correctly, too, was inadmissible. State v. Evans, 158 Mo. 609; State v. Welsor, 117 Mo. 580; State v. Bulla, 89 Mo. 599. (b) Twice during the trial the State's objection to some of the defendant's evidence was sustained. Without making any offer of proof, and without stating what he expected to prove, defendant's counsel simply saved his exceptions, which is insufficient. State v. Arnold, 105 S. W. 643; State v. Hodges, 144 Mo. 54; State v. Foister, 202 Mo. 46.

BURGESS, J.—On May 1st, 1907, under an information filed by the assistant circuit attorney of the city of St. Louis in the circuit court of said city, charging the defendant with having committed a felonious assault upon one Edward Morris, Jr., with intent to kill, the defendant was found guilty, and his punishment fixed at three years' imprisonment in the penitentiary. Defendant's motions for new trial and in arrest having been overruled, he appealed.

The facts are substantially as follows:

About 5:30 p. m., April 17, 1907, Edward Morris, Jr., was sitting on a fence on the east side of Vandeventer avenue in the city of St. Louis, waiting for a man named Roberts to return with a wagon. Morris suddenly looked around and saw the defendant within four feet of him, with a revolver in his right hand. The defendant said, "I got you, you son of a bitch." Mor-

ris got up and ran from the defendant as fast as he could go, and the defendant fired three shots toward Morris, one of which took effect in his back. The evidence further tended to show that Morris had not seen the defendant previously on that day, and not since two weeks before, when he and the defendant had a fight in Maher & Deblin's saloon, which was on March 9th, the day of the Democratic city primary election. After the shooting, Morris was taken to the Mullanphy hospital, where he remained for over a week, and was treated by Dr. Johnson. Mrs. Emma Noon, who was standing at her window nearby; A. Hackemeyer, a grocery merchant, whose place of business was near the scene of the shooting, and S. J. Norman, a street car conductor, all corroborated Morris as to the three shots that were fired by the defendant, and fired toward Morris while he was running from the defendant. Police officer Roach testified that he arrested the defendant about ten o'clock that night at a saloon on the corner of Prairie and Lincoln avenues, but that the defendant made no statement to him about the difficulty.

The defendant introduced evidence tending to show that on the evening of the Democratic primary election, he was in a saloon, in said city, about seven o'clock, and that Morris came up and assaulted him, knocking the defendant to the floor and kicking him several times. Defendant also introduced a witness named Hays, a teamster, who testified that a few days prior to the shooting he heard Morris make threats against the defendant. George Roberts, another witness for defendant, testified to hearing Morris make threats against the defendant. Fred Fiesel, a grocery clerk, testified to seeing the defendant and Morris near a club house about 4:30 on the afternoon of the shooting, when Morris put his hand in his back hip pocket, and made threatening motions toward the defendant. The defendant testified to hearing all of the threats

made by Morris, and to the effort that he made to evade Morris, and also to the threatening attitude of Morris at the time of the shooting. He claimed that Morris jumped off the fence and started toward him (defendant) when he fired one shot, and when Morris turned and started to run, defendant fired two more shots in rapid succession. The defendant admitted having been convicted of manslaughter in the fourth degree, for which he served a term of three months in jail and paid a fine of $500. This was several years ago.

The defendant is not represented in this court, but we have examined the record carefully, and have arrived at the conclusion that there is no merit in this appeal. According to the evidence, the assault was without justification or excuse.

Defendant had a fair and impartial trial, and as the record is without error, the judgment should be affirmed. It is so ordered.

All concur.